**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RODRIGO VILLEGAS GONZALEZ,

Petitioner,

v. No. 2:26-cv-02144-MLG-JMR

Warden of Otero County Processing Center;
MARY DE ANDA-YBARRA,
El Paso Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**
**AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Rodrigo Villegas Gonzalez's petition for writ of habeas corpus ("Petition"), filed July 2, 2026. *See* Doc. 1. Petitioner challenges his continued detention without a bond hearing under 8 U.S.C. § 1226(a),[1] and seeks his immediate release or an individualized bond hearing. Doc. 1 at 5. Petitioner was detained by Immigration and Customs Enforcement on April 16, 2026. Doc. 6 at 1. He requested a bond hearing pursuant to 8 C.F.R. § 1226(a), but the Immigration Judge ("IJ") denied that request citing *Matter of Yajure Hurtado*[2] and

[1] "On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." § 1226(a) (emphasis added).

[2] *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), is a nonbinding BIA decision, *see* *Cortez-Gonzalez v. Noem*, 811 F. Supp.3d 1287, 1298 (D.N.M. Dec. 4, 2025), holding that section

8 C.F.R. § 1225(b)(2).[3] Doc. 1 at 141. Federal Respondents[4] acknowledge that *Santillan Quiroz* controls and § 1226(a) governs his detention. Doc. 6 at 2-3. See *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)").

Nevertheless, they argue that the appropriate relief under *Santillan Quiroz* is an order to hold a bond hearing and oppose Petitioner's release. Doc. 6 at 2. The Court disagrees. As numerous other courts have noted, immediate release is the appropriate remedy for the due process violation at issue here. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *see also Sosa v. De Azbarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than a bond hearing); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [the petitioner] has been taken into custody [and erroneously detained under a mandatory detention provision], cannot make up for the lack of an initial, individualized determination process by ICE.").

It is hereby ordered:

---

235(b)(2)(A) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1225(b)(2)(A), precludes IJs from granting bond requests to people who are present in the United States unlawfully.

[3] "[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a." § 1225(b)(2) (emphasis added).

[4] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than the Warden of Otero County Processing Center.

1. Respondents must immediately release (no later than twenty-four hours from this Order's filing) Villegas Gonzalez from custody.
2. Upon Villegas Gonzalez's release, Respondents must return all of his property, including any identification documentation that was in his possession when he was detained.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA